UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SURVIVORS NETWORK OF THOSE ABUSED BY PRIESTS, INC., et al., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:12CV1501 ERW |
| JENNIFER JOYCE, et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Ronald K. Replogle's Motion to Dismiss First Amended Complaint [ECF No. 26]. Defendant requests this Court to dismiss, in accordance with Federal Rule of Civil Procedure 12(b)(1), Plaintiffs'[1] Verified First Amended Complaint for Declaratory Judgment and Injunctive Relief pursuant to 42 U.S.C. §1983 [ECF No. 21].

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs Survivors Network of Those Abused by Priests, Inc. ("SNAP") and Call to Action are interest groups that peacefully protest outside of churches and other locations used for religious purposes. Individual plaintiffs David Biersmith and Holly Heseman are members of such interest groups. In their Verified First Amended Complaint, Plaintiffs challenge Missouri's recently enacted "House of Worship Protection Act", Mo. Rev. Stat. § 574.035, which makes it a crime to "intentionally and unreasonably" disturb, interrupt, or disquiet "any house of worship by using profane discourse, rude or indecent behavior, or making noise either within the house of

---

[1] The term "Plaintiffs" will be used to refer collectively to Survivors Network of Those Abused by Priests, Inc., David Biersmith, Holly Hesemann, and Call to Action.

worship or so near it as to disturb the order and solemnity of the worship services." Plaintiffs claim §574.035 is unconstitutional under the Free Speech clauses of both the Missouri and United States Constitutions, alleging that the statute's provision are an invalid time, place, and manner restriction on speech. They also allege that the statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment, stating the law is unduly vague such that reasonable persons and law enforcement officers are not on notice as to precisely what conduct is prohibited.

Defendants, including Missouri Highway Patrol Superintendent Ronald K. Replogle, are charged with enforcing the statute, and are sued solely in their official capacities. Plaintiffs are seeking, pursuant to 42 U.S.C. §1983, for a declaratory judgment finding the House of Worship Protection Act unconstitutional. They also request that the Court issue preliminary and permanent injunctions enjoining Defendants from enforcing the law, and ask for an award of costs, including reasonable attorney's fees. In his Motion to Dismiss Plaintiffs' Verified First Amended Complaint, Defendant Replogle asks this Court to dismiss him from Plaintiffs' action, claiming that he is immune from suit under the Eleventh Amendment.

## II. STANDARD AND PROCEDURE FOR DISMISSAL

A Rule 12(b)(1) motion to dismiss challenges whether a court has subject matter jurisdiction to hear a matter. *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). "A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). The court is required to accept the veracity of factual allegations, but is not bound to accept legal conclusions disguised as factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to

2

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations and citation omitted).  The facial plausibility requirement requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable[.]"  *Id.*  "The court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record." *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002) (internal quotations and citations omitted).

"[N]either a State nor its officals acting in their official capacities are 'persons' under" § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[A] suit against a state official in his or her official capacity is not a suit agianst the official but rather is a suit against the official's office." *Id.* at 71.  In federal court, suits "in which the State or one of its agencies or departments is named as the defendant," are barred by the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (per curiam).  Congressional abrogation and state waiver are two examples of exceptions to the general rule that a suit suing a state directly must be dismissed upon assertion of Eleventh Amendment immunity.  *Williams*, 973 F.2d at 600.  The Eighth Circuit has determined that Congress did not abrogate the state's immunity by enacting 42 U.S.C. §1983.  *Id.*  Nowhere is it indicated in Missouri's immunity statute, Mo. Rev. Stat. § 537.600, that Missouri has waived its immunity for the type of claim brought in the current suit.

However, a narrow exception exists to Eleventh Amendment immunity if the suit against the State is seeking prospective injunctive relief only.  *Ex parte Young*, 209 U.S. 123, 159-60 (1908).  A suit may be brought against a state official to enjoin enforcement of an allegedly unconstitutional statute, if the official has "some connection with the enforcement of the act."

3

*Reprod. Health Servs. of Planned Parenthood of St. Louis Reg., Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005).  In *Citizens for Equal Prot. v. Bruning*, 455 F.3d 859 (8th Cir. 2006), the Eighth Circuit held that the broad power, held by a state governor and a state Attorney General, to enforce compliance with a challenged constitutional amendment was enough to show "some connection with the enforcement" of the amendment and, thus, the suit fell within the narrow exception to state immunity.  *Id.* at 864.

## III.   DISCUSSION

After Plaintiffs commenced this action by filing their original complaint on August 22, 2012, they filed a Motion for Preliminary Injunction [ECF No. 5].  Subsequently, Plaintiffs filed their Verified First Amended Complaint for Declaratory Judgment and Injunctive Relief pursuant to 42 U.S.C. §1983.  Defendant Replogle then filed his Motion to Dismiss for Lack of Jurisdiction.  Following a hearing on Plaintiffs' Motion for Preliminary Injunction, this Court denied Plaintiffs' request for relief [ECF No. 33].  The Court now considers Defendant Replogle's Motion.

Defendant contends that Plaintiffs' suit must be dismissed as to him because he lacks sufficient connection to the enforcement of the Missouri House of Worship Protection act to bring him within the narrow exception to Eleventh Amendment immunity.  He argues that his power extends only to the enforcement of traffic laws, and does not include enforcement of the challenged law.

Plaintiffs assert that Defendant Replogle, as the Superintendent of the Missouri Highway Patrol, is connected enough to the enforcement of state laws to overcome his immunity under the Eleventh Amendment.  In their Amended Complaint, Plaintiffs allege that the Highway Patrol "has been repeatedly called on to assist local law enforcement with protests and pickets near

4

houses of worship" [ECF No. 21 at 5, ¶ 20].  Plaintiffs argue that being called to assist law enforcement with Plaintiffs' protests is enough to form "some connection" with enforcement of state laws.

The question of whether a general duty to enforce laws makes a State official a proper party in actions challenging the constitutionality of a state statute was considered in *Lakeside Roofing Co. v. Nixon*, 4:10 CV01761 JCH, 2011 WL 1465593 (E.D. Mo. April 18, 2011).  In *Lakeside Roofing Co.*, the plaintiffs, Illinois residents who were, or had been, engaged in public works projects in Missouri, commenced an action attacking the constitutionality of "Missouri's Excessive Unemployment Law," and seeking an injunction against the Governor and the Commissioners of the Missouri Labor and Industrial Relations Commission, in their official capacities.  *Id*.

The statute challenged in *Lakeside Roofing Co.* provided that, in times of excessive unemployment, only Missouri laborers and laborers from nonrestrictive states[2] could be employed on public works projects.  *Id.* at *2.  The plaintiffs alleged that the Governor and Commissioners needed to be included in the action because they were enforcers of the law.  *Id.* at **1-3.  The plaintiffs further alleged the Defendants enforced laws under duties charged by the Missouri Constitution, or by voluntarily participating and enforcing the regulatory scheme of the law.  *Id.*  Among other things, the State official defendants argued they were immune from suit under the Eleventh Amendment.  *Id.* at **5-6.

The Governor defendant moved for judgment on the pleadings, asserting that he was immune, and that the allegations did not fall within the exception identified in *Ex parte Young*.

---

[2]The statute defined "laborers from nonrestrictive states" as "persons who are residents of a state which has not enacted state laws restricting Missouri laborers from working on public works projects in that state," as determined by Commission.

5

*Id*. at *5. The Court found that the plaintiffs did not identify any specific facts linking the governor to enforcement of the challenged statute, and that the Governor's power to order the Attorney General to assist in prosecuting in any time of action did not demonstrate sufficient connection to enforcement of "Missouri's Excessive Unemployment Law." *Id.* at 8-9. The Court granted judgment in favor of the Governor, because the plaintiffs could not allege a "specific duty" the Governor held to enforce the law, and had not alleged sufficient connection of the Governor to enforcement of the law. *Id.* at **6-8.

The Commissioner defendants contended that the claims against them should be dismissed for failure to state a claim and for lack of standing. *Id*. at *3. They also argued that the claims against them did not fall within the *Ex parte Young* exception. *Id*. at *3. However, the Court disagreed, holding that the statute provided a sufficient connection between its enforcement and the Commissioners to make the Commissioners potentially proper parties, because the Commissioners assisted in giving effect to the law by making the determination of what constituted a restrictive state. *Id.* at *4.

Defendant Replogle, like the State officials in *Lakeside Roofing Co.*, argues that the Missouri Highway Patrol lacks sufficient connection to the enforcement of the "House of Worship Protection Act", to make him a potentially proper party for injunctive relief. *See id.* at **3-4, 6-7. Defendant asserts that "a general duty to enforce state laws" is not enough to keep a defendant acting in his or her official capacity in a suit when the action is attacking the constitutionality of a statute. *See Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979).

However, Defendant Replogle has more than a broad or general power to enforce the law. Accepting the Complaint's allegations as true for the purposes of this Motion to Dismiss, the Missouri Highway Patrol has been called to assist local law enforcement with protest activity on

6

many occasions.  Thus, as Superintendent, Defendant Replogle, or a member of his department, could be required to make the determination of whether the challenged law should be enforced, and to assist in its enforcement.  Defendant Replogle's situation is similar to the position of the Commissioners, because he does have a specific role in enforcing the law.  In *Lakeside Roofing Co.*, the Commissioners made a determination of what constituted a restrictive state; similarly, Defendant Replogle makes determinations of whether laws should be enforced.  In his capacity as a law enforcement official, Defendant Replogle, or members of his department acting under his authority, arrive at a scene, and then determine if the law has been violated and whether its provisions should be enforced.  Defendant Replogle not only has the power to enforce laws, but actually enforces laws when called to respond; consequently he has "some connection" to the enforcement of the House of Worship Act.  Because Defendant Replogle does have "some connection" to the enforcement of the law, Defendant fits within the *Ex parte Young* exception to immunity.  This Court finds that Plaintiffs' action against Defendant Replogle is not barred by Eleventh Amendment immunity.  The Court will deny Defendant Replogle's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ronald K. Replogle's Motion to Dismiss First Amended Complaint [ECF No. 26] is **DENIED**.

Dated this   13th   day of November, 2012.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE