# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

Survivors Network of Those Abused    )
     by Priests, Inc., *et al.*,    )
                              )
             Plaintiffs,    )
                              )
v.                               )     4:12-cv-1501 ERW
                              )
Jennifer Joyce, *et al.*,    )
                              )
            Defendants.    )

**MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT**

    Pursuant to FED.R.CIV.P. 59(e), Plaintiffs have moved this Court to alter or amend the Judgment entered on April 19, 2013 (Doc. # 65), to modify the dismissal of their state-law claims to be without prejudice and to reflect disposition of Plaintiffs' pending motion for extension of time. In the alternative, Plaintiffs request that dismissal of Count III be vacated and Defendants' motion for summary judgment denied as to Count III.

    The judgment dismisses Plaintiffs' Verified First Amended Complaint for Declaratory Judgment and Injunctive Relief, in its entirety, with prejudice. (Doc. # 65). Count III of the Complaint asserts that MO. REV. STAT. § 574.035 violates the Free Speech Guarantee of Article I, § 8 of the Constitution of the State of Missouri. The memorandum and order that accompanied the judgment discusses Count III only briefly:

> Defendants also move the Court to grant summary judgment in their favor on Count III of Plaintiffs' Complaint. In Count III, Plaintiffs claim that § 574.035 infringes on free speech rights guaranteed in the Constitution of the State of Missouri, and they request the Court to enter declaratory judgment pursuant to 42 U.S.C. § 1983, finding the House of Worship Protection Act

> unconstitutional; issue preliminary and permanent injunctions
> enjoining enforcement of the statute; and award Plaintiffs costs,
> including reasonable attorney's fees. For the reasons stated
> above, the Court finds that Plaintiffs are not entitled to their
> requested relief, and will grant summary judgment to Defendants
> on Count III of Plaintiff's Amended Complaint.

Doc. # 64 at pp. 23-24. With the exception of the citation to a case addressing specific-intent requirements, the memorandum and order does not discuss the free speech guarantee of the Missouri Constitution nor cite to any cases discussing it.

Plaintiffs request the judgment be modified so that dismissal of the state-law claim in Count III is without prejudice. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). "The decision to exercise pendent jurisdiction over state law claims is a matter of discretion for the district court." *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (citations omitted). Where the Court exercises its discretion to dismiss state-law claims, dismissal should be without prejudice. *Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996).

In this case, Count III raises a substantial question of Missouri law that is not addressed by this Court's decision. Under Missouri's constitution, speech is a "fundamental right." *See Etling v. Westport Heating & Cooling Servs., Inc.*, 92 S.W.3d 771, 774 (Mo. 2003) (holding "[f]undamental rights [under Missouri Constitution] include the rights to free speech [and] to vote"). Fundamental rights are given greater protection under the Missouri Constitution than under the federal constitution. *See, e.g., Weinschenk v. State*, 203 S.W.3d 201, 212 (Mo. 2006) (holding "voting rights are an area where our state constitution provides greater protection than

its federal counterpart"). "'Missouri courts have held that statutes abridging speech are constitutional to the extent that they prohibit only that speech which is likely to incite others to immediate violence.'" *State v. Carpenter*, 736 S.W.2d 406, 408 (Mo. 1987) (citations omitted). Thus, "offensive language can be statutorily prohibited only if it is personally abusive, addressed in a face-to-face manner to a specific individual and uttered under circumstances such that the words have a direct tendency to cause an immediate violent response by a reasonable recipient." *Id.*

This is a case in which the broader protection of speech under the Missouri Constitution could well be implicated. Indeed, the Court in *City of Maryville v. Costin*, 805 S.W.2d 331 (Mo. App. W.D. 1991), applied *Carpenter* to find unconstitutionally overbroad and vague an ordinance that was similar to MO. REV. STAT. § 574.035. The ordinance had provided that "[n]o person shall speak, utter, shout or yell or use in the presence of others profane, vulgar or indecent language in a public place or from private property which is calculated to be heard by others including those on or off the premises of the private property." *Costin*, 805 S.W.2d at 332. Although the ordinance might pass muster under the federal constitution, it was held unconstitutional under Missouri law.

A recent case from the Eighth Circuit supports the conclusion that Count III ought not be summarily dismissed with prejudice. In the memorandum and order in this case, this Court discussed at length decisions related to restrictions on protests near funerals. Shortly after this Court's judgment, the Eighth Circuit held that funeral protests are not "fighting words." *Phelps-Roper v. Koster*, 10-3076, 2013 WL 1776430, *3 (8th Cir. Apr. 26, 2013). In other words, even if protests near funerals are offensive, they do not constitute "personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely

to provoke violent reaction[.]" *Id.* (internal quotations and citations omitted). *Koster* together with the Missouri Supreme Court's decision in *Carpenter*, then, suggest that those restrictions on speech near funerals that are permissible under the federal constitution would not be permissible under Missouri law. Likewise, even though this Court determined that § 574.035 does not violate the First Amendment, the statute might well violate Missouri law because it restricts more than "fighting words."

Plaintiffs' state law claim is deserving of full consideration on the merits. Because this Court has dismissed Plaintiffs' federal claims, it should exercise its discretion and dismiss Count III without prejudice, leaving to the State's courts application of the Missouri Constitution. Therefore, Plaintiffs request this Court alter or amend its judgment to make the dismissal of Count III without prejudice. In the alternative, dismissal of Count III should be vacated and Defendants' motion for summary judgment denied as to Count III.

Finally, at the time of judgment, Plaintiffs' motion for extension of time was pending. (Doc. # 63). In order to make the record clear that no motions remain pending, Plaintiffs request this Court deny the motion as moot when ruling on the *instant* motion to alter or amend.

Respectfully submitted,

 /s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
American Civil Liberties Union
    of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
Phone – 314/652-3114
Fax – 314/652-3112

**Attorneys for Plaintiffs**

**<u>Certificate of Service</u>**

I certify that a copy of the forgoing was filed electronically with the Clerk and delivered

by operation of the CM/ECF system to the counsel of record on May 17, 2013.

<u>/s/ Anthony E. Rothert</u>