UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SURVIVORS NETWORK OF THOSE ABUSED BY PRIESTS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12CV01501 ERW |
| JENNIFER JOYCE, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' "Motion to Alter or Amend Judgment" [ECF No. 66]. Additionally, Plaintiffs ask the Court to deny, as moot, a Consent Motion to Extend Deadline (requesting two additional days to comply with two subsections of the Case Management Order), which they filed on the same day their 42 U.S.C. § 1983 cause was dismissed [ECF No. 63]. The Court will deny the Motion to Extend Deadline, as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Survivors Network of Those Abused by Priests and its members regularly picket and distribute leaflets outside of churches, including churches in the City of St. Louis. Plaintiff Call to Action and its members participate in peaceful vigils outside of house of worship across the country, including sites in Missouri, to advance the organization's mission.

Plaintiffs  filed an Amended Complaint against Defendants Jennifer M. Joyce, solely in her official capacity as the Circuit Attorney for the City of St. Louis; Samuel Dotson, III, solely in his official capacity as the Chief of Police for the Metropolitan Police Department of St. Louis; Chris Koster, solely in his official capacity as the Attorney General of the State of Missouri; and

Ronald K. Replogle, solely in his official capacity as Superintendent of the Missouri Highway Patrol.  In their Amended Complaint, Plaintiffs sought declaratory judgment and injunctive relief, pursuant to 42 U.S.C. § 1983, in an action challenging provisions of recently enacted Missouri Revised Statute § 574.035.  Plaintiffs asserted three counts in their Amended Complaint, alleging that the statute, also known as the "House of Worship Protection Act," is unconstitutional under the free speech provisions of the First Amendment (Count I), the due process clause of the Fourteenth Amendment of the United States Constitution (Count II), and, as well, the free speech guarantee of Article I, § 8 of the Missouri State Constitution (Count III).  Defendants are charged with enforcing the statute.

The challenged statute, Missouri Revised Statutes § 574.035, "House of worship protection act -- disrupting a house of worship, violation, penalty," became effective on August 28, 2012, and provides:

1.     This section shall be known and may be cited as the "House of Worship Protection Act".

2.     For purposes of this section, "house of worship" means any church, synagogue, mosque, other building or structure, or public or private place used for religious worship, religious instruction, or other religious purpose.

3.     A person commits the crime of disrupting a house of worship if such person:

(1)     Intentionally and unreasonably disturbs, interrupts, or disquiets any house of worship by using profane discourse, rude or indecent behavior, or making noise either within the house of worship or so near it as to disturb the order and solemnity of the worship services; or

(2)     Intentionally injures, intimidates, or interferes with or attempts to injure, intimidate, or interfere with any person lawfully exercising the right of religious freedom in or outside of a house of worship or seeking access to a house of worship, whether by force, threat, or physical obstruction.

2

4.      Disrupting a house of worship is a class B misdemeanor.  Any second offense is a class A misdemeanor.  Any third or subsequent offense is a class D felony.

In a Motion for Preliminary Injunction filed in this matter, Plaintiffs requested this Court to issue a preliminary injunction, enjoining enforcement of § 574.035.  Plaintiffs alleged that they engage in peaceful protest activities, including leaf-letting and holding signs, on public sidewalks outside churches and other locations used for religious purposes.  They further alleged that they regularly engage in such activities to spread their messages near houses of worship in Missouri, and would like to continue to do so without risk of arrest or prosecution.  Plaintiffs contended that the restrictions of the statute would chill Plaintiffs and others from engaging in protected expressive activity.

After hearing argument, the Court denied Plaintiffs' Motion for Preliminary Injunction on September 28, 2012, finding the Plaintiffs had not sufficiently shown that they had a likelihood for success at trial.  The Court further found that § 574.035 does not regulate expression in such a manner that a substantial degree of its restriction on speech fails to serve to advance its purpose, and that the harm granting an injunction would impose upon individuals exercising their freedom of religion outweighed any harm to Plaintiffs if no order were issued.

On April 19, 2013, following a hearing on the matter, this Court entered Judgment, denying a motion for summary judgment filed by Plaintiffs, granting summary judgment for Defendants on all counts of Plaintiffs' complaint, and dismissing Plaintiffs' Complaint with prejudice [ECF No. 65].   In its determination, the Court concluded that the Act does not restrict substantially more speech than is necessary to serve the state's significant interest.  The Court further determined that the Act is not impermissibly vague or constitutionally overbroad, and that

it does not violate the free speech provisions of the First Amendment, or the free speech rights guaranteed in the Constitution of the State of Missouri.

## II.      LEGAL STANDARD

Plaintiffs assert their Motion under Federal Civil Procedure Rule 59(e).   Rule 59(e) was originally "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (quoting Notes of Advisory Committee on 1946 Amendment to Rules).  Rule 59(e) motions are used to correct manifest errors of law or fact, or to present newly discovered evidence.  *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P. T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

## III.     DISCUSSION

Plaintiffs filed their instant motion, requesting this Court to alter or amend its April 19th determination by modifying its dismissal of their state-law claims to be without prejudice. Alternatively, Plaintiffs request that dismissal of Count III be vacated and Defendants' motion for summary judgment be denied as to Count III [ECF No. 66].  In their Memorandum in Opposition to Plaintiffs' Motion to Alter or Amend Judgment, Defendants assert that Plaintiffs are "[r]ehashing arguments this Court implicitly rejected" and they characterize Plaintiffs' motion as an attempt for "a second bite of the apple in state court" [ECF No. 68 at 1, 3-4]. Defendants argue that the Court acted within its discretion when it dismissed Plaintiffs' third count with prejudice.

In their Motion and supporting Memorandum [ECF Nos. 66, 67], Plaintiffs reiterate a claim that the protection of speech under the Missouri Constitution is broader than the protection afforded the right to free speech under the federal constitution.  They argue that this case is one "in which the broader protection of speech under the Missouri Constitution could well be implicated[,]" and they contend that Count III raises a substantial question of Missouri law that is not addressed by the Court's decision.

The Court finds that Plaintiff's Motion should be denied.  Plaintiffs do not claim to present newly discovered evidence, and they have not identified a manifest error of law or fact.  *See Metro St. Louis Sewer Dist.*, 440 F.3d at 933.  Most significantly, Plaintiffs have not established any reason that would justify their requested relief, nor have they shown that another hearing on the issue would probably produce a different result.

As an initial matter, the Court notes that Plaintiffs had the opportunity to litigate their free speech challenge in state court, where they could have availed themselves of the state's purportedly broader protections, but Plaintiffs instead chose to litigate in the federal court, and now argue that their choice is a less advantageous forum.  Viewed in conjunction with the posture of their Motion for Partial Summary Judgment, Plaintiffs' present argument does hint of a "second-bite" strategy.

Regardless, Plaintiffs' state free speech claim arguments were considered by the Court, and, for the reasons stated in its prior Order, denied.  Plaintiffs raised their broader protection argument in opposition to Defendants' motion for summary judgment on Plaintiffs' state law claim, but, in their first defense, they failed to cite to any Missouri opinions supporting their proposition, instead relying on a Supreme Court case concerning an article in California's constitution.  *See PruneYard Shopping Ctr. v. Robins*, 447 U.S. 74 (1980).

Plaintiffs now cite to two Missouri opinions, *State v. Carpenter*, 736 S.W.2d 406 (Mo. 1987), and *City of Maryville v. Costin*, 805 S.W.2d 331 (Mo. App. W.D. 1991), in support of their contention that the free speech guarantee of the Missouri Constitution provides greater protection than that afforded under the First Amendment, and they quote the following language from *Carpenter*, "offensive language can be statutorily prohibited only if it is personally abusive, addressed in a face-to-face manner to a specific individual and uttered under circumstances such that the words have a direct tendency to cause an immediate violent response by a reasonable recipient." *Carpenter*, 736 S.W.2d at 408.  Plaintiffs contend § 574.035 prohibits more than what *Carpenter* found permissible.

Plaintiffs could have offered these cases in support of their contention prior to entry of judgment, but they did not.  Plaintiffs' prior omission may have occurred because the opinions they presently cite do not actually stand for the far-reaching proposition they urge.  Furthermore, Plaintiffs fail to acknowledge or distinguish Missouri case law that suggests their stance goes too far.  *See Kansas City Premier Apartments, Inc. v. Mo. Real Estate Com'n*, 344 S.W.3d 160, 170 (Mo. banc 2011); *Missouri Libertarian Party v. Conger*, 88 S.W.3d 446, 448 (Mo. banc 2002).

*Carpenter* does not support Plaintiffs' contention the Missouri Constitution affords speech broader protection than the free speech that is secured by the First Amendment.  In fact, the *Carpenter* court did not even mention the Missouri Constitution.  Moreover, in the *Carpenter* decision, the Missouri Supreme Court expressly stated that it was scrutinizing the peace disturbance statute under the standard for First Amendment overbreadth analysis (the same standard employed by this Court in its analysis when it granted summary judgment for Defendants herein in the April 19th Order and Judgment).  *See Carpenter*, 736 S.W.3d at 407 ("The standard for First Amendment overbreadth analysis is well established.  'Only a statute

6

that is substantially overbroad may be invalidated on its face.'").  After identifying this standard for its analysis, the *Carpenter* court found that the statute, Missouri Revised Statutes § 574.010(1)(c), contemplated punishing individuals "for any and all utterances that if carried out would constitute criminal offenses under Missouri law." *Id.*  Section 574.010(1)(c ) prohibited individuals from "unreasonably and knowingly" disturbing or alarming other persons by "[t]hreatening to commit a crime against any persons[.]" *Carpenter*, 736 S.W.2d at 407.  The Missouri Supreme Court determined that the statute failed to make a distinction as to the degree of criminal activity that the statute encompassed, and thus was facially overbroad.  *Id.*

The court further found that such individuals could be convicted for purportedly threatening even minor or insubstantial crimes, and concluded that the state's interest in prohibiting persons from threatening to commit such crimes did not outweigh the public interest in exercising free speech. *Id*. at 407-08.  The court additionally determined that the statute acted "to smother speech otherwise protected by the First Amendment in that 'persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions provided by a statute susceptible of application to protected expression.'" *Id*. at 408 (quoting *Gooding v. Wilson*, 405 U.S. 518,521 (1972)).  In reaching its conclusions, the *Carpenter* court, cited to *State v. Swoboda*, 658 S.W.2d 24, 25 (Mo. banc 1983).

The other case cited by Plaintiffs, *City of Maryville*, invalidated a municipal ordinance that prohibited the use of profane language in public, determining that the statute was impermissibly vague and overbroad under Missouri law.  *City of Maryville*, 805 S.W.2d at 332. Plaintiffs claim that the peace disturbance ordinance analyzed in *City of Maryville* is similar to § 574.035, and they further assert: "Although the [Maryville] ordinance might pass muster under the federal constitution, it was held unconstitutional under Missouri law" [ECF No. 67 at 3].

Although *City of Maryville* and *Carpenter* may have reached the result Plaintiffs desire

for their challenge, neither case stands for the sweeping proposition urged by Plaintiffs.  When

the Missouri Western District Court of Appeals examined the Maryville ordinance, the court's

one-page opinion similarly quoted language from *Swoboda*, 658 S.W.2d at 25 ("Missouri courts

have held that statutes abridging speech are constitutional to the extent that they prohibit only

that speech which is likely to incite others to immediate violence."), and discussed the holding

reached in the United States Supreme Court decision, *Chaplinsky v. New Hampshire*, 315 U.S.

568 (1942).  Significantly, *Swoboda*, the principle Missouri decision upon which the holdings in

both of Plaintiffs' cited opinions are based, also employed a First Amendment overbreadth

analysis, and likewise made no mention of the free speech guarantee of the Missouri

Constitution.  *See Swoboda*, 658 S.W.2d 24.

In Count III of their Complaint, Plaintiffs claimed § 574.013 infringed on free speech

rights guaranteed in the Constitution of Missouri, and they asked the Court to enter declaratory

judgment pursuant to 42 U.S.C. § 1983, finding the House of Worship Act unconstitutional;

issue preliminary and permanent injunctions enjoining the enforcement of the statute; and award

Plaintiffs costs, including reasonable attorney's fees.  In its April 19, 2013, Order and Judgment,

the Court found Plaintiffs were not entitled to their requested relief, for the same reasons stated

in its analysis of their First Amendment free speech challenge to the statute [ECF No. 64].

Plaintiffs also argue that the Eighth Circuit's decision in *Phelps-Roper v. Koster*, 10-

3076, 2013 WL 1776430 (8th Cir. April 26, 2013), "supports the conclusion that Count III

should not be summarily dismissed with prejudice" [ECF No. 67 at 3].  They further contend

that, "even though this Court determined that § 574.035 does not violate the First Amendment,"

*Phelps-Roper*, analyzed in conjunction with *Carpenter,* could lead to the conclusion that "the

statute might well violate Missouri law because it restricts more than 'fighting words'" [ECF No. 67 at 4]. The Court disagrees. Plaintiffs were afforded the opportunity to present argument and evidence regarding Count III prior to the entry of summary judgment. Plaintiffs failed to show there was sufficient evidence favoring them that would enable a jury to return a verdict for them. *See Celotex Corp. v. Catrett*, 477 U.S. 377, 324 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-50 (1986). The Court will deny the Motion to Alter or Amend.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment [ECF No. 66] is **DENIED.**

**IT IS FURTHER ORDERED** that the Consent Motion to Extend Deadline [ECF No. 63] is **DENIED as moot.**

Dated this   15th   day of July, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

9