UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SURVIVORS NETWORK OF THOSE )
ABUSED BY PRIESTS, INC., *et al.* )
)
  Plaintiffs, )
)
 vs. ) Case No. 4:12CV01501 ERW
)
JENNIFER JOYCE, *et al.*, )
)
  Defendants. )

## MEMORANDUM AND ORDER

  This matter comes before the court on Plaintiffs' Motion for Attorneys' Fees and Expenses [ECF No. 90].

**I. BACKGROUND**

  Plaintiffs Survivors Network of Those Abused by Priests, Inc., Voice of the Faithful, Region 8, David Biersmith, and Holly Hesemann ("Plaintiffs") filed this lawsuit seeking a declaratory judgment and preliminary and permanent injunctions enjoining enforcement of Missouri Revised Statute § 574.035 alleging the statute is unconstitutional because it violates the First and Fourteenth Amendments of the Constitution. Plaintiffs named as Defendants Jennifer Joyce, in her capacity as Circuit Attorney for the City of St. Louis, Daniel Isom, in his capacity as Chief of Police for the Metropolitan Police Department for the City of St. Louis, Chris Koster, in his capacity as Attorney General of Missouri, and Ronald Replogle, in his capacity as Superintendent of the Missouri Highway Patrol ("Defendants").

This Court granted Defendants' Motion for Summary Judgment and dismissed the case with prejudice [ECF No. 64, 65]. Plaintiffs appealed to the Eighth Circuit Court of Appeals and the Eighth Circuit reversed this Court's judgment and remanded for further proceedings. *Survivors Network of Those Abused by Priests, Inc. v. Joyce*, 779 F.3d 785 (8th Cir. 2015). On remand, the parties agreed to a consent judgment permanently enjoining Defendants from enforcing Missouri Revised Statute § 574.035.3(1) to the extent it prohibits a person from intentionally and unreasonably disturbing, interrupting, or disquieting a house of worship by using profane discourse, rude or indecent behavior and dismissing Plaintiffs' remaining claims. Plaintiffs now seek to recover their costs, attorneys' fees, and expenses. Defendants do not object to the time entries submitted for attorneys' fees but they do object to the hourly rate Plaintiffs are requesting.

### III. ANALYSIS

Plaintiffs seek $67,536.00 in attorneys' fees and $274.20 in expenses from Defendants. Plaintiffs calculated this amount using the Lodestar calculation. Plaintiffs charged $365.00 per hour for Anthony E. Rothert and $275.00 per hour for Grant R. Doty. Plaintiffs are seeking reimbursement for 210.6 hours. As noted, Defendants do not contest the number of hours Plaintiffs are seeking, but Defendants object to the hourly rate for both attorneys and argue more reasonable rates are $325.00 per hour for Mr. Rothert and $250.00 per hour for Mr. Doty.

Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 which allows for the collection of reasonable attorney's fees in actions to enforce 42 U.S.C. § 1983. To determine a reasonable attorney's fee, a court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The product of this calculation is "presumed to be the

reasonable fee to which counsel is entitled" when the attorney has shown the claimed rate and number of hours are reasonable. *Id*. The "novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation" are reflected in this amount. *Id*. (internal quotations omitted).

The Court finds Plaintiffs have shown their requested rates for attorneys' fees are reasonable in light of the expertise of counsel, quality of representation, and complexity of the litigation. Defendants do not object to Plaintiffs' requested hours and the Court did not find any unreasonable time entries in its own review. The Court will grant Plaintiffs' Motion for Attorneys' Fees and award Plaintiffs $67,536.00 in attorneys' fees.

Plaintiffs also seek $274.20 in expenses for the cost of a special process server. A court may award reasonable expenses, ordinarily included in a bill to the client, as part of the award of attorneys' fees under 42 U.S.C. § 1988. *Neufeld v. Searle Laboratories*, 884 F.2d 335, 342 (8th Cir. 1989) (citations omitted). The Court will award Plaintiffs $274.20 in expenses as requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Expenses [ECF No. 90] is **GRANTED** in the amount of $67,536.00 for attorneys' fees and $274.20 for expenses.

So Ordered this 1st Day of July, 2015.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**